UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x

 74 PINEHURST LLC, 141 WADSWORTH LLC, 177
 WADSWORTH LLC, DINO PANAGOULIAS, DIMOS
 PANAGOULIAS, et al.,

            Plaintiffs,

        -against-

 STATE OF NEW YORK, NEW YORK DIVISION OF
 HOUSING AND COMMUNITY RENEWAL, RUTHANNE
 VISNAUSKAS, et al.,

            Defendants.

-------------------------------------------x

**MEMORANDUM AND ORDER**
19-cv-6447(EK)(RLM)

ERIC KOMITEE, United States District Judge:

        After the Court dismissed all claims in this action

except the as-applied regulatory-taking claims brought by

Plaintiffs Eighty Mulberry Realty Corporation and Dino, Dimos,

and Vasiliki Panagoulias, ECF No. 79, Plaintiffs moved for entry

of final judgment under Rule 54(b) of the Federal Rules of Civil

Procedure as to 177 Wadsworth LLC, the one Plaintiff in this

action who did not raise as-applied takings claims.  ECF 81.  In

the alternative, Plaintiffs seek entry of final judgment as to

the facial claims brought by all Plaintiffs under the Takings

and Due Process Clauses.  *Id.*  Plaintiffs argue that final

judgment should be entered because the relevant claims raise

identical issues to the ones in CHIP's pending appeal.  *See* No.

20-3366 (2d Cir.).

1

However, "the entry of a final judgment is generally appropriate only after all claims have been adjudicated." *Novick v. AXA Network*, 642 F.3d 304, 310 (2d Cir. 2011) (internal quotations omitted).  Accordingly, the power to "enter [] a final judgment before the entire case is concluded" should "be exercised sparingly."  *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).  Plaintiffs chose to pursue a joint action, with 177 Wadsworth LLC bringing suit together with parties that raised as-applied takings claims.  There is no "injustice" in enforcing the consequences of that decision, nor would there be meaningful gains to "judicial administration and efficiency" by allowing this action to be appealed in piecemeal fashion.  *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (internal quotations omitted).

Accordingly, Plaintiffs' motion for entry of judgment under Rule 54(b) is denied.


SO ORDERED.

_____
s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:  Brooklyn, New York
        November 19, 2020